**SONG PING LIN, Petitioner,**

**v.**

**Eric. H. HOLDER, Jr.\*, Respondent.**

**No. 08–0257–ag.**

United States Court of Appeals,
Second Circuit.

March 19, 2009.

Song Ping Lin, Brooklyn, NY, pro se.

Gregory G. Katsas, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; William C. Minick, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Song Ping Lin, a native and citizen of the People's Republic of China, seeks review of a December 20, 2007 order of the BIA, affirming the April 19, 2006 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Song Ping Lin,* No. A96 108 760 (B.I.A. Dec. 20, 2007), *aff'g* No. A96 108 760 (Immig. Ct. N.Y. City Apr. 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v.*

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as Respondent in this case.

*Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Here, we find that the agency did not err in finding that Lin, who had not personally suffered any harm as a result of his father's arrest and detention, failed to demonstrate that he had suffered past persecution. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 308 (2d Cir.2007) (en banc); *see also Tao Jiang v. Gonzales,* 500 F.3d 137, 141 (2d Cir.2007). Likewise, the agency reasonably concluded that Lin failed to establish a well-founded fear of future persecution. Indeed, the agency properly relied, in part, on the fact that Lin's father remains unharmed in China in finding that any fear of future persecution was not objectively reasonable. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). Moreover, the agency did not err in finding that Lin failed to provide reasonably available corroborating evidence in support of his assertion that he became a Falun Gong practitioner after applying for asylum in the United States. *See Diallo v. INS,* 232 F.3d 279, 285–86 (2d Cir.2000). Even if we were to find that the agency erred by failing to provide a reason for declining to credit Lin's explanation for his lack of corroboration, *see id.* at 290, the IJ reasonably found that, assuming Lin is a Falun Gong practitioner, his claim was speculative where there was no evidence that Chinese officials were aware of, or would be made aware of, his practice of Falun Gong. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005).

As the agency reasonably found that Lin failed to demonstrate past persecution or a well-founded fear of persecution, it reasonably denied his application for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, while Lin withdrew his application for CAT relief before the IJ, the BIA addressed that claim for relief. Regardless, because Lin waives any challenge to the BIA's finding, we decline to reach it. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for *in forma pauperis* is DISMISSED as moot. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.